IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERYL SMITH,
    Plaintiff,

v.                                     Civil Action No. 11-1188-RGA

ANDREW McGILL WHELAN,
    Defendant.

## MEMORANDUM ORDER

Before the Court is Defendant's Motion for Summary Judgment (D.I. 139) and associated briefing (D.I. 140, 141, 150, 156, 157). Defendant's Motion is **GRANTED.**

The relevant undisputed factual background of this case is brief. Defendant contracted herpes type 2 many years before meeting Plaintiff. Plaintiff and Defendant began a sexual and romantic relationship in May, 2008, first having unprotected sex on May 3, 2008. (D.I. 141-7 at 35, 37-38). Defendant did not disclose to Plaintiff that he had herpes prior to that encounter. (D.I. 150-1 at 56-57). The parties continued their relationship through late September 2010. (D.I. 141-27 at 50, ¶ 7). In October 2008, Plaintiff sought medical attention from her gynecologist, Dr. David Hadley, who diagnosed Plaintiff with herpes type 2 on October 10, 2008. (D.I. 141-7 at 105-06, 113-14). Plaintiff immediately told Defendant about her herpes diagnosis. *Id.* at 118.

Plaintiff filed this suit, claiming negligence, fraud, and misrepresentation based on contracting herpes type 2 from Defendant, on December 1, 2011. (D.I. 1). Defendant has moved for summary judgment on the basis that Plaintiff's claims are time barred; specifically, that Plaintiff cannot prove her allegations that the statutes of limitations were tolled by fraudulent

1

concealment.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A "material fact" is one that "could affect the outcome" of the proceeding. *See Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Matsushita*, 475 U.S. at 587. The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment. *Anderson*, 477 U.S. at 249. Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id.* If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Plaintiff's negligence claim is subject to a two-year statute of limitations, and her fraud and misrepresentation claim is subject to a three-year statute of limitations. 10 *Del. C.* §§ 8119, 8106; (D.I. 7 at 7; D.I. 8 at 4). "Determining whether a claim is time-barred by a statute of limitations requires determining three things: (1) the date the cause of action accrued, (2) whether

the cause of action has been tolled, and (3) if the cause of action has been tolled, whether and when [Plaintiff was] placed on inquiry notice of [her] claims." *Eluv Holdings (BVI) Ltd. v. Dotomi, LLC*, 2013 WL 1200273, *6 (Del. Ch. Mar. 26, 2013). Delaware law recognizes three tolling doctrines: "(1) fraudulent concealment, (2) inherently unknowable injury, and (3) equitable tolling." *Id.* at *7. The only tolling theory asserted by Plaintiff is fraudulent concealment. (D.I. 150 at 9-13).

> To prevail on fraudulent concealment under Delaware law, a plaintiff must prove that the defendant knowingly acted to prevent [the] plaintiff from learning facts or otherwise made misrepresentations intended to put the plaintiff off the trail of inquiry. Mere silence is insufficient to establish fraudulent concealment. Rather, the evidence must show that the defendant engaged in some sort of actual artifice to toll the running of the limitations period. Moreover, even when fraudulent concealment exists, the statute is suspended only until [the plaintiff's] rights are discovered or until they could have been discovered by the exercise of reasonable diligence.[1]

*Krahmer v. Christie's Inc.*, 911 A.2d 399, 407 (Del. Ch. 2006) (alteration in original) (internal citations and quotations omitted). "That is, the limitations period begins to run when the plaintiff is objectively aware of facts giving rise to the wrong, *i.e.*, is on inquiry notice. Inquiry notice is sufficient to prove that the statute of limitations was not tolled for purposes of summary judgment." *Eluv Holdings*, 2013 WL 1200273 at *7 (internal quotation omitted). "Inquiry notice exists when person[s] of ordinary intelligence and prudence [have facts sufficient to place them] on inquiry which, *if pursued*, would lead to the discovery of the injury." *Id.* (alteration in

---

[1] Defendant reads this last sentence to require Plaintiff to demonstrate that she exercised due diligence. (D.I. 156 at 3) (citing *Forbes v. Eagleson*, 228 F.3d 471, 487 (3d Cir. 2000) (on appeal from the Eastern District of Pennsylvania's decision on equitable tolling of a federal statute of limitations)). This misconstrues the Delaware standard into a subjective standard; the standard is whether "the plaintiff is *objectively* aware of the facts giving rise to the wrong." *In re Dean Witter P'ship Litig.*, 1998 WL 442456, *6 (Del. Ch. July 17, 1998).

original).² A plaintiff is "on inquiry notice if [she] is in possession of facts sufficient to make [her] suspicious, or that ought to make [her] suspicious." *Smith v. McGee*, 2006 WL 3000363, *3 (Del. Ch. Oct. 16, 2006) (internal quotation omitted).

Defendant asserts Plaintiff's causes of action accrued when Plaintiff was diagnosed with herpes type 2, on October 10, 2008. (D.I. 140 at 13 n.14). Regarding the second step (whether the cause of action was tolled) and the third step (whether and when Plaintiff was placed on inquiry notice of her claims), Defendant asserts that Plaintiff was on inquiry notice as of the date of her diagnosis, such that the cause of action was not tolled at all. Defendant points to Plaintiff's deposition testimony that from her diagnosis date, Defendant "was the obvious suspect," that he was her only sexual partner since October 2006, that she "thought it was a possibility" that she had contracted herpes from him, and that it "could be Andrew [Whelan]." (D.I. 141-7 at 115-18). Plaintiff had a biopsy on October 6, 2008; between that biopsy and her October 10, 2008 appointment, Plaintiff researched herpes on the Internet and concluded "[t]his is something that could be Andrew." *Id.* at 119-20. When Dr. Hadley diagnosed Plaintiff on October 10, 2008, Plaintiff asked Dr. Hadley if she could have gotten it from Defendant. *Id.* at 114-16. Defendant also points to evidence that a few weeks after discussing her diagnosis with Defendant, on October 28, 2008, Plaintiff told her psychologist that she wondered if she had gotten it from Defendant and he was not being forthright about his condition. *Id.* at 118, 123; (D.I. 141-18). Defendant concludes that this evidence shows Plaintiff had inquiry notice as of

---

² This case is out of the ordinary. Fraudulent concealment cases usually involve circumstances in which the plaintiff is unaware of being injured. In this case, Plaintiff knew of her injury, but alleges uncertainty as to who had caused it. I assume, without deciding, that Delaware law allows tolling when the fact of injury is known to the same extent as it does when the fact of injury is unknown.

4

the date of her diagnosis and could have discovered her causes of action had she acted with reasonable due diligence. Defendant also points out that Plaintiff never asked Defendant if he had herpes, or asked him to be tested. (D.I. 141-7 at 123, 235).

In response, Plaintiff does not dispute that her cause of action accrued when she was diagnosed on October 10, 2008, or any of the evidence showing she suspected Defendant as of, and after, her diagnosis. Plaintiff focuses on Defendant's behavior after Plaintiff shared her diagnosis with Defendant on October 10, 2008, based on Plaintiff's deposition testimony that Defendant responded by saying he was "fine" and "wasn't sick," and by agreeing to Plaintiff's proposal to abstain from intercourse when Plaintiff was suffering a flareup. (D.I. 141-7 at 122, 124, 127-28). Plaintiff also points to Defendant's response when Plaintiff had asked him to use a condom before she was diagnosed; she testified that Defendant "said there was no reason for us to use condoms," and that to Plaintiff, that "implied" that other than Defendant's sterility, "there was no other reasons why we should use condoms." *Id.* at 124. Plaintiff characterizes this as a "preemptory lie" that "put Plaintiff off the track before she could have suspected him of causing her illness." (D.I. 150 at 7). Plaintiff asserts that Defendant's omission before her diagnosis and behavior after she shared her diagnosis constitute fraudulent concealment that tolled the statute of limitations until Father's Day weekend of 2010 when Defendant told her he had had herpes all along. (D.I. 141-7 at 143-45).

It is undisputed that Plaintiff's cause of action accrued on October 10, 2008, when she was diagnosed with herpes type 2 and shared her diagnosis with Defendant. In short, Plaintiff knew of her injury as of October 10, 2008; the only less-than-certain aspect was who injured her and whether that party was being straightforward. It is undisputed that by and on October 10,

5

2008, Plaintiff suspected she had contracted herpes type 2 from Defendant, notwithstanding Defendant's earlier statement that there was no reason for the couple to use condoms. Plaintiff suspected Defendant while researching her potential diagnosis, when she obtained her diagnosis, and after Defendant's reaction to her diagnosis, and suspected that he was not being straightforward about his condition.

Plaintiff's suspicion that Defendant gave her herpes without telling her, and was not being straightforward about his condition, constitutes inquiry notice of her claims of negligence and fraud and misrepresentation. *See Smith*, 2006 WL 3000363 at *3. The exercise of reasonable diligence could have included asking Defendant directly whether he had herpes, or asking him to be tested. Even with the possibilities that Defendant would have refused to answer or denied the infection, the questioning would either have led to the led to the discovery of Plaintiff's injury and who she alleges inflicted it, or provided a basis to file suit and compel the testing, perhaps after consultation with an expert.[3] Defendant's alleged obfuscating statements and behavior did not disturb Plaintiff's inquiry notice; she suspected him even after the alleged fraudulent concealment. "Even where a defendant uses every fraudulent device at its disposal to mislead a victim or obfuscate the truth, no sanctuary from the statute will be offered to the dilatory plaintiff who was not or should not have been fooled." *In re Tyson Foods, Inc.*, 919

---

[3] Plaintiff has since obtained the opinion of Dr. Ghanem that, "the plaintiff was infected by defendant with HSV-2 to a reasonable degree of medical certainty." (D.I. 150-6 at 3). There appears to be no logical reason why this conclusion, central to Plaintiff's claims, depends upon any occurrence after October 2008, including Defendant's 2010 admission that he had long had the virus. In other words, for the expert to opine that the plaintiff got the virus from the defendant, the expert is necessarily opining to a reasonable degree of medical certainty that she could not have gotten it from anyone else. That conclusion does not depend on Mr. Whelan's cooperation.

6

A.2d 563, 585 (Del. Ch. 2007). Defendant has shown there is no genuine dispute as to any material fact regarding Plaintiff having inquiry notice as of October 10, 2008, such that the statute of limitations was not tolled. Plaintiff has failed to make a sufficient showing on fraudulent concealment, an essential element of her case with respect to which she has the burden of proof.

Defendant's two other arguments for summary judgment - "lack of causation" and "unclean hands" - need not be addressed, and therefore the Court does not decide them.

The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.

Entered this 21st day of June, 2013.

*[signature]*
United States District Judge